KATE V. MOEBUS, RESPONDENT, *v.* HENRY HERMANN, APPELLANT.

*Negligence — when the question as to the contributory negligence of a child should be left to the jury.*

This action was brought by a mother to recover damages for injuries sustained by her boy, who was run over by a truck driven by one of the defendant's servants. The boy, who was about six years old, was called as a witness by the defendant and testified that he knew of the danger to be apprehended from teams in the street, and that he looked straight ahead while crossing the street

and did not see the truck. The driver of the truck was, at the time of the accident, looking behind him and conversing with another driver, who was following on another truck, and did not see the boy.

*Held,* that the question of the contributory negligence of the boy was properly left to the jury, and that a verdict in favor of the plaintiff would not be disturbed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries sustained by a son of the plaintiff in being run over by a truck owned by the defendant and driven by one of his servants.

*Morris & Pearsall,* for the appellant.

*Carpenter & Roderick,* for the respondent.

BARNARD, P. J.:

The negligence of the defendant's servant is abundantly made out. He was driving, at the time of the accident the defendant's truck, on the streets of the city of Brooklyn, on a slow trot. While so driving instead of looking ahead for possible danger to others, he was looking behind him and conversing with another driver on a truck behind him. While so doing his truck ran over a boy in the street. The truck could have been stopped in an instant if he had had his attention fixed upon the duty he was engaged in, and in consequence of this inattention the accident was caused. The boy was about six years of age at the time. He attempted to cross the street in front of the truck, and was called by the defendant upon the trial, and he testified that he knew of the danger to be apprehended from teams in the street and that he looked straight ahead while crossing the street and did not see the truck. The question is whether the plaintiff, his mother, who is bound by his carelessness if he was careless, should have been non-suited. The case under consideration is very similar to the case of *Thurber* v. *Harlem Bridge, etc., Railroad Company* (60 N. Y., 326). A boy crossed in broad daylight in front of a street car. He was seen by the person driving the car team but he surrendered the control of the same to the regular driver too late to prevent the boy being injured. The

Court of Appeals held that the fact of the boy's negligence could not be treated as made out as matter of law.

That the jury were to say, if it was not an error in judgment which would excuse a person of ordinary prudence and discretion. The court cite in the opinion other cases to the same effect, that an attempt to cross the street in front of a team is not *per se* negligence. The case of *Wendell* v. *New York Central, etc., Railroad* (91 N. Y., 420), does not seem to conflict with this. A boy attempted to cross in front of a rapidly moving train of cars. He had before this attempted to do so and had been stopped. He had been warned against it. He was told to stop on the occasion of this injury and he eluded a flagman who had endeavored to intercept him. The Court of Appeals held his conduct to be willfully and persistently reckless.

This is not such a case. The boy says he did not look, but under all the evidence of the case the jury could find the truth to be that it was a misjudgment of danger which would not make out a case of contributory negligence on his part, especially in view of the fact that in such cases reliance is usually had on the attention of those who control the truck. As a witness the boy was in no different position in respect to his statements than any other witness. If there was no error in refusing the nonsuit there was none in the refusal to charge. The requests were all based upon the fact that the boy was *per se* negligent. Assuming that the question of contributory negligence was one for the jury, the charge is without legal exception. The judgment should, therefore, be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, **with costs.**